**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FANTASTIC INDOOR SWAP MEET, INC., | |
| Third-Party Plaintiff, | Case No.: 2:16-cv-02292-GMN-CWH |
| vs. | **ORDER** |
| NATIONWIDE MUTUAL INSURANCE COMPANY; | |
| Third-Party Defendant. | |

Pending before the Court is the Motion to Remand, (ECF No. 8), filed by Third-Party Plaintiff Fantastic Indoor Swap Meet, Inc. ("Fantastic"). Third-Party Defendant Nationwide Mutual Insurance Company ("Nationwide") filed a Response, (ECF No. 16), and Fantastic filed a Reply, (ECF No. 21). For the reasons set forth herein, Fantastic's Motion to Remand is **GRANTED**.

## I. <u>BACKGROUND</u>

On July 9, 2012, a fire sprinkler leaked inside the property located at 1717 S. Decatur Boulevard, Las Vegas, NV 89102, causing water damage to the property. (Nationwide's Resp. 3:13–16, ECF No. 16). As a lessee of the property, Fantastic was responsible for repairing and maintaining the land and building. (Mot. to Remand 4:2–6, ECF No. 8).

On February 27, 2014, Nieves Electric, LLC ("Nieves")—a subcontractor who had performed repairs on the property following the incident—filed an action in state court against the general contractor ("Desert Valley") and the property owners ("Mortimers"), asserting that the parties failed to fully compensate Nieves for the repair work. (*See* State Court Compl., Ex. 1 to Nationwide's Resp., ECF No. 17-1). On July 29, 2016, Desert Valley filed a similar third-party complaint against Fantastic, alleging that Fantastic failed to fully compensate Desert

Valley for its portion of the repair work. (*See* Desert Valley Compl, Ex. 10 to Nationwide's Resp., ECF No. 17-10).

Thereafter, Fantastic filed the instant Third-Party Complaint against Nationwide, asserting multiple claims related to the parties' insurance agreement and Nationwide's purported failure to pay for repairs under the policy. (*See* Third-Party Compl., Ex. A to Pet. of Removal, ECF No. 1). On September 29, 2016, Nationwide removed Fantastic's Third-Party Complaint to federal court based on 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332. (Pet. of Removal).

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). In evaluating diversity jurisdiction, the defendant has the burden of overcoming the "strong presumption" against removal. *Gaus*, 980 F.2d at 566.

Pursuant to 28 U.S.C. § 1332, a federal district court has original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Section 1332 requires complete diversity among the parties; each of the plaintiffs must be a citizen of a different state

than each of the defendants. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

### III. **DISCUSSION**

The primary issue before the Court is whether Nationwide, as a third-party defendant, has the right to remove this matter in the first place.[1] An action filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over the action. *See* 28 U.S.C. § 1441(a). Here, Nationwide removed only Fantastic's Third-Party Complaint from the underlying state court action, rather than the action as a whole. (*See* Pet. of Removal). Since Nationwide did not remove the actual "action" from state court, the Court finds that Nationwide has failed to demonstrate proper removal in accordance with § 1441(a). *See Yuki v. Chevron Corp.*, No. 2:12–cv–01428–GEB, 2012 WL 3000643, at *1 (E.D. Cal. July 23, 2012).

Even if Nationwide had removed the entire action, the Court still finds that Nationwide did not have the authority to perfect such removal. Only "true" defendants—as opposed to cross-defendants, counter-defendants, or third-party defendants—have the right to remove an action from state to federal court. *See Fed. Nat'l Mortg. Ass'n v. Barbuti*, No. 2:12–cv–101, 2012 WL 1378648, at *2 (D. Nev. Apr. 20, 2012) (citing S*hamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104–05 (1941)); *see also Westwood Apex v. Contreras*, 644 F.3d 799, 805 (9th Cir. 2011) (citing "the longstanding rule that a party who is joined to such an action as a defendant to a counterclaim or as a third-party defendant may not remove the case to federal court."); *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 461 (6th Cir. 2002) ("The majority view is that third-party defendants are not 'defendants' for purposes of § 1441(a).").

---

[1] Neither party addresses the authority of third-party defendants to remove to federal court. Nonetheless, the Court is under a continuing duty to determine subject matter jurisdiction over the action and therefore considers the issue. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1447(c).

As Nationwide is not a "true" defendant in the underlying case, the Court finds that § 1441(a) does not furnish a basis for Nationwide to have removed this action.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Fantastic's Motion to Remand, (ECF No. 8), is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is remanded back to Clark County District Court. The Clerk is instructed to close the case.

**DATED** this  12   day of September, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge